IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MAJOR ANTHONY CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 323-104 |
| | ) |
| ANDREW MCFARLENE, Telfair S.P. | ) |
| Warden; LT. GRIFFIN; CERT WRIGHT; | ) |
| and CERT RIVERA, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. On February 2, 2024, the Magistrate Judge entered a Report and Recommendation ("R&R") that dismissed Plaintiff's amended complaint for failure to exhaust administrative remedies. (Doc. no. 12.) The Court also instructed Plaintiff any objections to the R&R had to be filed no later than February 20, 2024. (Doc. no. 13.)

Having received no objections to the R&R by the February 20th deadline, the Court adopted the R&R as its opinion on March 1, 2024. (Doc. no. 14.) On March 20, 2024, the Clerk of Court received Plaintiff's objections to the R&R via mail, which were signed and dated February 15, 2024. (Doc. no. 16.)

Although Plaintiff's objections did not reach the Court by the objection deadline, using Plaintiff's signature date of February 15, 2024, and granting him the benefit of the "mailbox

rule," the Court accepts the objection. See Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming prisoner document filed on the date of delivery to prison officials for mailing); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary . . . we assume that a prisoner's motion was delivered to prison authorities on the day he signed it."). Thus, the Court **VACATES** the adoption order entered on March 1, 2024. (Doc. no. 14.)

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's R&R, to which objections have been filed. (Doc. no. 16.) The Court finds Plaintiff's objections unavailing, as Plaintiff's arguments and attached documentation confirm the Magistrate Judge's findings that Plaintiff failed "to complete the entire administrative grievance procedure *before* initiating this suit." (Doc. no. 12, p. 10 (citing Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000))). Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's amended complaint without prejudice for failure to exhaust administrative remedies, and **CLOSES** this civil action.

SO ORDERED this 25th day of March, 2024, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

2